TARNOW, Senior District Judge,
dissenting.
I cannot agree with the majority’s conclusion that Appellee Cincinnati Bell has established its right to judgment as a matter of law. Taking the facts in the light most favorable to Appellant, a reasonable jury could conclude that Appellee’s given reason for firing Appellant was pretextual and was not an “honest belief.” There is therefore a genuine issue of material fact, and summary judgment for Appellee is inappropriate.
Summary judgment is appropriate if “there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law.” Hunter v. Valley View Local Sch., 579 F.3d 688, 690 (6th Cir.2009) (quoting Fed.R.Civ.P. 56(c)). The function of the court in examining a motion for summary judgment is not “to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, “[i]n evaluating summary *288 judgment, we must view all the facts and the inferences drawn from it in the light most favorable to the nonmoving party.” Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir.2008). Thus, summary judgment is only appropriate if, viewing all facts and inferences drawn from them in the light most favorable to the nonmoving party, the nonmoving party has failed to present “sufficient evidence to permit a reasonable jury” to find in the nonmoving party’s favor. Lindsay v. Yates, 578 F.3d 407, 416 (6th Cir.2009). If a reasonable jury could find for the nonmoving party, summary judgment is “inappropriate.” Cockrel v. Shelby Cty. Sch. Dist, 270 F.3d 1036, 1056 (6th Cir.2001). Here, the majority concludes that no reasonable jury could find that Appellee’s stated reason for firing Appellant was pretextual.
The majority focuses on the “honest belief’ rule, that is, that an employer’s honestly-held belief that it has a legitimate and non-discriminatory reason for firing a person is sufficient, even if the factual basis of said belief is later shown to be false. While this Court does not require that an investigation “be optimal or that it left no stone unturned,” Smith v. Chrysler Corp., 155 F.3d 799, 807-08 (6th Cir.1998), an employer must demonstrate that it “reasonably relied on the particularized facts that were before it at the time the decision was made.” Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1117 (6th Cir.2001). When an employer’s decision-making process is “unworthy of credence,” or where error on the part of the employer is “too obvious to be unintentional,” reliance on such a process does not constitute an “honest belief.” Smith v. Chrysler Corp., 155 F.3d 799, 807-08 (6th Cir.1998).
In the summary judgment context as it relates to the “honest belief’ rule, the court should look to determine whether “sufficient evidence [exists] to permit a reasonable jury” to find that the employer did not have an “honest belief’ based on an investigation that is “unworthy of credence.” If “the evidence is susceptible of different interpretations or inferences by the trier of fact,” summary judgment is “inappropriate.” Cockrel, 270 F.3d at 1056. Thus, whether the court finds “that CBT made a reasonably informed and considered decision before terminating Seeger” is immaterial. The proper question is whether a reasonable jury could have concluded that Appellee’s investigation was “unworthy of credence.”
Appellee’s only reason for its purported “honest belief’ that Appellant engaged in disability fraud are the statements of two fellow employees who say they saw Appellant walking for approximately fifty to seventy-five feet. In Appellant’s favor are the statements of other employees who said Appellant was in extreme pain while walking, the statements of Appellant’s treating physician, and the undisputed medical evidence that Appellant was suffering from a condition that would have caused him to be unable to work but was ameliorated by physical exercise such as walking. Despite possessing all of this evidence, Appellee chose to neither consult an independent medical expert nor even to consult Appellant’s physician prior to its decision to suspend and then fire him.
In this case Appellee focused on isolated and flimsy evidence while ignoring strong contrary evidence. Additionally, Appellee took no steps to obtain easily accessible information that would have helped Appel-lee arrive at an informed decision. While this Court does not require that an investigation “be optimal or that it left no stone unturned,” the lackluster nature of Appel-lee’s investigation strains the bounds of credulity. Moreover, at the summary judgment stage the question is not wheth *289 er Appellee’s investigation was, in fact, “unworthy of credence,” but whether a reasonable jury could have come to such a conclusion
The following facts can be said to fall in Appellant’s favor, and are undisputed:
a. Plaintiff was diagnosed with a herniated disc, sciatica, and lumbar radi-culopathy.
b. Appellee approved Appellant for FMLA and disability leave based on medical evidence he presented to Theresa Greenwald, manager of Ap-pellee’s Medical Department and a Registered Nurse.
c. Prior to attending Oktoberfest, Appellant had several physical therapy sessions.
d. On September 19, Appellant was instructed by Dr. Grainger, his treating physician, to engage in increased physical activity as part of his treatment. Dr. Grainger observed that Appellant had difficulty getting in and out of a chair, changing positions, and walking. In his notes, Dr. Grainger concluded that Appellant should engage in “no work.”
e. On September 20, Dr. Grainger called Theresa Greenwald and left a message indicating that Plaintiff was unable to perform even restricted work.
f. A CBT employee who saw Appellant at Oktoberfest, Larry Curless, said Appellant “appeared to be in a lot of pain.”
g. Dr. Grainger, in a letter provided to Appellee by Appellant after his suspension, stated that walking for one- and-a-half hours was not equivalent to working an eight-hour day of even limited work and that many patients with herniated discs were more comfortable standing or walking than sitting.
h.Various additional medical evidence existed and was available to Appel-lee. However, Appellee did not contact Appellant’s treating physician, and confined its investigation to reviewing the medical evidence it already possessed (and upon which FMLA and disability leave had been granted), his employment history (which was excellent), and the statements of persons who saw Appellant at Oktoberfest.
The following facts constitute the evidence that support Defendant’s “honest belief’ that Plaintiff engaged in disability fraud:
a. On September 23, Appellant walked a total of ten blocks to and from the Oktoberfest festival in downtown Cincinnati, and remained at the festival for a total of ninety minutes.
b. Michael Caplinger, one of the CBT employees who saw Appellant at Oktoberfest, chatted with Appellant for fifteen minutes and saw him walk “a few steps.” In a signed statement (identical to that of Glen Adkins, below) he stated that Appellant was “seemingly unimpaired.”
c. Glen Adkins, a CBT employee who personally disliked Seeger, saw Seeger through the crowd walking “seemingly unimpaired,” for fifty to seventy-five feet. Adkins was aware Seeger was on disability leave and reported seeing Seeger at Oktoberfest to Theresa Greenwald. Adkins said that Appellant “did not appear to be impaired or disabled.”
d. Michelle Simpson, Appellee’s Director of Employee Relations and Recruiting, consulting with Green-wald, reviewed Appellant’s medical file and determined that Seeger’s reported medical condition and his *290 behavior at Oktoberfest were not consistent, and therefore to decided to suspend and, later, fire Appellant,
e. Simpson’s conclusion was that, because Appellant had reported himself in excruciating pain, “reported difficult changing positions,” and his doctor had told Appellee “no work,” but was seen “by two independent witnesses walking around Oktoberfest where it’s a crowded venue and not easily accessed ... I thought that ... was fraudulent on his part.”
I would conclude that the overwhelming weight of evidence supports Appellant’s contention that Appellee’s investigation was so poor and one-sided as to be “unworthy of credence” and thus not sufficient to satisfy an “honest belief.” At a minimum, Appellant has presented sufficient evidence to permit a reasonable jury to find the same. Summary judgment for Appellee is inappropriate. Therefore, I respectfully dissent.